IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PANKAJKUMAR RAMANBHAI PATEL, | : | |
| Petitioner, | : | |
| | : | CIVIL ACTION |
| v. | : | No. 25-5975 |
| | : | |
| BRIAN MCSHANE, Field Office Director of Enforcement and Removal Operations, Philadelphia Field Office, Immigration and Customs Enforcement., et al., | : | |
| Respondents. | : | |

**MEMORANDUM**

    Petitioner Pankajkumar Ramanbhai Patel filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Mr. Patel is currently detained by Immigration and Customs Enforcement ("ICE") pursuant to the mandatory detention provision in Section 235 of the Immigration and Nationality Act ("INA"). 8 U.S.C. § 1225(b)(2). Mr. Patel alleges that his detention is unlawful because Section 235 does not apply to individuals like him: noncitizens who are residing in the United States. As a person arrested inside the United States, Mr. Patel argues that he should have been detained under Section 236 of the INA, 8 U.S.C. § 1226(a), and that he is entitled to a bond hearing before an Immigration Judge.

1

In recent months, numerous district courts have addressed the same issue raised in Mr. Patel's Petition. At least 282 decisions from district courts—including three members of this court—find that the application of Section 1225(b)(2)(A) to noncitizens residing in the United States is unlawful. *See Demirel v. Fed. Det. Ctr. Phila., et al.*, No. 25-5488, 2025 U.S. Dist. LEXIS 226877 (E.D. Pa. Nov. 18, 2025) (attaching an appendix citing 282 decisions rejecting Respondents' interpretation of the INA); *see also Cantu-Cortes v. O'Neill*, No. 25-6338, 2025 WL 3171639 (E.D. Pa. Nov. 13, 2025); *Kashranov v. Jamison*, No. 25-5555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025). I agree with the reasoning of my colleagues and these other district courts. Mr. Patel's Petition is **GRANTED**.

I.  **BACKGROUND**

Mr. Patel is a citizen of India. Petition, ECF No. 1 (hereinafter "Pet.") ¶ 15. He arrived in the United States at the Mexico-Arizona border, on August 12, 2023. Notice to Appear, ECF No. 1, Ex. C (hereinafter "NTA"). Upon his entry to the United States, Mr. Patel was detained by the Department of Homeland Security ("DHS"). Pet. ¶ 42. On August 15, 2023, DHS issued Mr. Patel a Notice to Appear in Removal Proceedings because he entered the United States without inspection by an Immigration Officer. NTA. DHS then released Mr. Patel on his own recognizance, ordering him to report for any hearing or interview as directed by ICE or the Executive Office for Immigration Review ("EOIR"). Order of Release on Recognizance, ECF No. 1, Ex. B (hereinafter "OREC").

Since his release, Mr. Patel has checked-in with ICE twice pursuant to his OREC and has filed an I-589, Application for Asylum with the Philadelphia Immigration Court. Pet. ¶ 44. He lives in Dallas, Pennsylvania, with his wife and two minor children, who are also asylum applicants. *Id.* ¶ 41, 46. Mr. Patel has no criminal history that the Court knows of. *Id.* ¶ 46.

2

On October 17, 2025, Mr. Patel was arrested at his OREC check-in at the Philadelphia ICE/ERO Office. *Id.* ¶ 45. His wife, who also had an OREC check-in, was released. *Id.* Mr. Patel is currently detained at the Philadelphia Field Office of ICE/ERO. *Id.* He promptly filed the instant Petition, seeking his release or, in the alternative, the scheduling of a bond hearing before an Immigration Judge. *Id.* at 13.

Respondents oppose habeas relief. Respondents' Opposition Brief, ECF No. 7.

## II. DISCUSSION

A federal district court is authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where the petitioner is "in custody under or by color of the authority of the United States … in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(1), (3). The burden is on the petitioner to show that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972).

Respondents argue that the Court lacks jurisdiction to hear Mr. Patel's claims per 8 U.S.C. § 1252(g), 8 U.S.C. § 1252(b)(9) and 8 U.S.C. § 1252(a)(2)(B)(ii). As my colleagues have explained, none of these statutes are applicable to the instant Petition. *Demirel*, 2025 U.S. Dist. LEXIS 226877, at *5-8; *Cantu-Cortes*, 2025 WL 3171639, at *1; *Kashranov*, 2025 WL 3188399, at *3-4. There is no jurisdictional bar to reviewing Mr. Patel's Petition.

Respondents also assert that this Court should dismiss Mr. Patel's claims because of his failure to exhaust administrative remedies. Again, I agree with my colleagues that exhaustion is not required because the issue presented involves statutory construction, and exhaustion would be futile in light of the Board of Immigration Appeals' recent decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (B.I.A. 2025). *Demirel*, 2025 U.S. Dist. LEXIS 226877, at *8-9; *Cantu-Cortes*, 2025 WL 3171639, at *1; *Kashranov*, 2025 WL 3188399, at *4.

3

As for the merits of Mr. Patel's Petition, the principal issue is whether his mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A) is unlawful.[1] I concur with my colleagues that it is. Both the plain meaning of the text of Section 1225(b)(2)(A) and the statutory framework of the INA support the conclusion that the provision does not apply to noncitizens residing within the United States. *Demirel*, 2025 U.S. Dist. LEXIS 226877, at *9-12; *Cantu-Cortes*, 2025 WL 3171639, at *1-2; *Kashranov*, 2025 WL 3188399, at *5-7. Respondents can detain Mr. Patel, if at all, under 8 U.S.C. § 1226(a).[2] *Demirel*, 2025 U.S. Dist. LEXIS 226877, at *12; *Cantu-Cortes*, 2025 WL 3171639, at *1; *Kashranov*, 2025 WL 3188399, at *5.[3] This statute entitles detained individuals to a bond hearing before an Immigration Judge. *See* 8 C.F.R. § 1236.1(c)(8), (d); *see also Kashranov*, 2025 WL 3188399, at *5. Therefore, Mr. Patel's detention without opportunity for a bond hearing violates the INA.

### III.  REMEDY

As Judge Wolson did, I will order the release of Mr. Patel because he was unlawfully detained without a bond hearing as required by Section 1226(a). *Id.* at *8 (quoting *Boumediene v. Bush*, 553 U.S. 723, 779 (2008) (noting that a habeas court has "the power to order the conditional release of an individual unlawfully detained—though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted.")) I will also permanently

---

[1] Section 1225(b)(2)(A) provides: "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a [removal] proceeding …" 8 U.S.C. § 1225(b)(2)(A).

[2] Section 1226(a) provides: "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." The Attorney General "may release" noncitizens on "bond" or "conditional parole," except if they have committed any criminal offenses listed in section 1226(c). 8 U.S.C. § 1226(a).

[3] As was the case in *Demirel*, Mr. Patel was presumably released on recognizance in 2023 because he was arrested pursuant to Section 1226(a) at the time, which allows for discretionary detention. *Demirel*, 2025 U.S. Dist. LEXIS 226877, at *10.

enjoin the Government from re-detaining Mr. Patel under Section 1225(b)(2)(A) and temporarily enjoin the Government from re-arresting him under Section 1226(a) for seven days following his release to ensure the habeas remedy is effective. If Mr. Patel is later detained under Section 1226(a), the Government must provide Mr. Patel with notice and an opportunity to be heard at a bond hearing before an Immigration Judge, who will assess whether he poses a flight risk or a danger to the community.

## IV. CONCLUSION

I will grant Mr. Patel's Petition for the same reasons as my colleagues on this Court. Mr. Patel's mandatory detention without a bond hearing pursuant to Section 1225(b)(2) is unlawful. An appropriate order accompanying this opinion follows.

s/ANITA B. BRODY, J.  
ANITA B. BRODY, J.  
November 20, 2025